RECEIPT # 70093
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 2-2-06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MICHELLE MALONE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| LAURENCE A. HECKER; LAURENCE A. HECKER, A PROFESSIONAL ASSOCIATION; | ) 06 CA 10210 GAO |
| Defendants. | ) MAGISTRATE JUDGE Collings |

## COMPLAINT

### INTRODUCTION

1. This case arises under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The plaintiff brings this action against the defendant debt collectors for invading her privacy and harassing her for more than two months in an attempt to collect a 14 year old debt that she never owed. The plaintiff brings this action for actual and statutory damages against the defendants.

### PARTIES

2. Michelle Malone is the plaintiff in this action and is an individual consumer residing in Haverhill, Massachusetts.

3. Laurence A. Hecker is a defendant in this action and is an individual attorney at law licensed to practice in the state of New Jersey. Mr. Hecker has a business address of 650 College Road East, Suite 1800, Princeton, NJ 08540. Mr. Hecker is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection

of debts. Mr. Hecker regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. Mr. Hecker is a debt collector as defined by 15 U.S.C. § 1692a(6).

4.     Mr. Hecker does not maintain a place of business in Massachusetts or, on information and belief, keep assets within Massachusetts.

5.     Laurence A. Hecker, A Professional Association (hereinafter "Laurence A. Hecker, P.A.") is a defendant in this action. Laurence A. Hecker, P.A. is a professional association organized under the laws of the State of New Jersey with a principal place of business at 650 College Road East, Suite 1800, Princeton, NJ 08540. Laurence A. Hecker, P.A. is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts. Laurence A. Hecker, P.A. regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. Laurence A. Hecker, P.A. is a debt collector as defined by 15 U.S.C. § 1692a(6).

6.     Laurence A. Hecker, P.A. does not maintain a place of business in Massachusetts or, on information and belief, keep assets within Massachusetts.

## JURISDICTION

7.     This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8.     Venue in this district is proper as Ms. Malone resides in this district and the events giving rise to this action occurred here.

## FACTS

9. At all times relevant hereto, the defendants were attempting to collect an alleged debt from the plaintiff. The alleged debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. In November, 2005, the defendants sent the plaintiff a copy of the letter dated Nov. 17, 2005 and attached hereto and marked as <u>Exhibit A</u> ("Nov. 17 letter").

11. The plaintiff received the Nov. 17 letter on November 19, 2005.

12. The Nov. 17 letter was a form letter.

13. Neither defendant is licensed as a debt collector in Massachusetts by the Massachusetts Division of Banks.

14. The defendants stated in the Nov. 17 letter that they were an attorney at law and represented a "creditor", Debt Holdings Inc., with respect to a debt for $137.00.

15. The defendants left the space in the Nov. 17 letter to identify the original creditor blank.

16. The defendants used the plaintiff's maiden name, Pellerin, to address her in the letter.

17. The plaintiff has not been known by that name for more than ten years since her marriage to her husband when she took his surname, Malone.

18. The plaintiff was very surprised to receive the Nov. 17 letter as she did not have debt problems, did not know anything about a "Debt Holdings Inc." or the alleged debt, and had a credit record with no debt defaults or delinquencies.

19. Two days later, on November 21, 2005, an individual collector employed by Mr. Hecker or Laurence A. Hecker, P.A. telephoned the plaintiff.

20. The telephone caller ID indicated that this call originated from (609) 779-6600, the same number on the defendants' letterhead appearing on the Nov. 17 letter.

21. The individual collector introduced himself as "Bruce Wey" and stated that he was calling from "Hecker's" office.

22. Mr. Wey told the plaintiff that he was calling about a debt to Southwestern Bell from about 14 years ago.

23. The plaintiff told Mr. Wey that she remembered disputing a debt to Southwestern Bell about that many years ago but did not owe the debt.

24. The plaintiff also stated that when she disputed an alleged Southwestern Bell debt many years ago, she had never received any of the documentation of the debt.

25. The plaintiff told Mr. Wey to send her evidence that the debt belonged to her and that until she received such evidence she was not going to pay it.

26. Mr. Wey raised his voice and told the plaintiff to "just pay it," referring the alleged debt.

27. That same day, November 21, 2005, the plaintiff sent the defendants a copy of the letter attached hereto and marked as Exhibit B ("Nov. 21 letter").

28. In the Nov. 21 letter, the plaintiff informed the defendants that she wished that they cease further communication with her.

29. In the Nov. 21 letter, the plaintiff also stated that she refused to pay the debt until she received validation of the debt.

30. In the Nov. 21 letter, the plaintiff also requested validation of the debt.

31. In the Nov. 21 letter, the plaintiff also disputed the validity of the debt.

32. The defendants received a copy of the Nov. 21 letter on November 21, 2005 by facsimile transmission.

33. On November 26, 2005, the plaintiff received another telephone call from an individual collector employed by Mr. Hecker or Laurence A. Hecker, P.A.

34. On November 30, 2005, the plaintiff received two telephone call from an individual collector employed by employed by Mr. Hecker or Laurence A. Hecker, P.A.

35. On December 2, 2005, an individual collector employed by Mr. Hecker or Laurence A. Hecker, P.A. who identified himself as "Alex Jones" telephoned the plaintiff.

36. Mr. Jones left the plaintiff a voice mail message stating that he was calling from "Attorney Hecker's" office and left a telephone number and reference number that substantially matched the one used by the defendants on the Nov. 17 letter.

37. On December 14, 2005, Mr. Jones called the plaintiff again and left another voice mail message.

38. Later that same day, at approximately 2:24 PM, Mr. Jones called the plaintiff's neighbor, Deborah House.

39. Mr. Jones asked Ms. House for the plaintiff.

40.     Ms. House told him that the plaintiff did not live there and was not there.

41.     Mr. Jones demanded that Ms. House have the plaintiff call him and told her that the plaintiff knew what he was calling about because he was calling from "Attorney Hecker's" office.

42.     Ms. House reached the plaintiff later that day and informed the plaintiff of the message. Ms. House also told the plaintiff's husband about the message when he picked up their children from work.

43.     On December 16, 2005 the plaintiff's husband called Mr. Jones back and argued with him about the debt.

44.     Mr. Jones told the plaintiff's husband that he would put the debt on the plaintiff's credit report if she did not pay it.

45.     The plaintiff's husband told Mr. Jones that the plaintiff had two copies of her credit report and they contained no defaults or delinquencies and that if Mr. Jones put the debt on her credit report it would be illegal.

46.     The plaintiff's husband demanded documentation of the debt and this time Mr. Jones promised to send it.

47.     On December 20, 2005, Mr. Jones called the plaintiff again and left a voice mail message telling her to return the call about a "very important matter."

48.     Later the same day, the Mr. Jones called the plaintiff's neighbor again and this time spoke with Jeffrey House.

49.     Mr. Jones told Mr. House that he was calling about "old money" and a "past due debt" and demanded that he have the plaintiff contact him.

50.     The plaintiff called the defendants back the same day (Dec. 20, 2005) and demanded to speak with Mr. Jones or Mr. Hecker.

51.     The plaintiff was put through to a Stacey Reed who stated that she was Attorney Hecker's assistant.

52.     The plaintiff sent Ms. Reed a copy of her Nov. 21 letter by fax and stayed on the line while Ms. Reed received it. See Dec. 20, 2005 fax confirmation, attached hereto and marked as Exhibit C.

53.     Ms. Reed acknowledged receipt of the fax and told the plaintiff that she would receive no further contact from the defendants.

54.     On or about December 21, 2005, the plaintiff received a second letter from the defendants dated December 19, 2005. A copy of this letter is attached hereto and marked as Exhibit D ("Dec. 19 letter").

55.     The Dec. 19 letter was a form letter.

56.     The defendants stated in the Dec. 19 letter that the plaintiff had "failed to respond to our first letter."

57.     On December 21, 2005, the plaintiff faxed Ms. Reed another letter. A copy of this letter is attached hereto and marked as Exhibit E ("Dec. 21 letter").

58.     On January 11, 2006, Mr. Jones called the plaintiff again. The plaintiff hung up on him and faxed Ms. Reed the same day a copy of the prior correspondence and a note. A copy of the note is attached hereto and marked as Exhibit F.

59. On January 25, 2006, Mr. Jones called the plaintiff two more times.

60. To this date the defendants have not sent the plaintiff the documentation she requested validating the debt.

## CAUSE OF ACTION
(Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.)

61. The plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

62. In violation of 15 U.S.C. §1692c, the defendants communicated in connection with the collection of a debt with a person other than the plaintiff.

63. In violation of 15 U.S.C. §1692c, the defendants failed to cease communication with the plaintiff after written notification from her that she refused to pay a debt or that she wished the defendants to cease further communication with her.

64. In violation of 15 U.S.C. §1692d, the defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse the plaintiff in connection with the collection of a debt.

65. In violation of 15 U.S.C. §1692d(5), the defendants caused the plaintiff's telephone to ring or engaged the plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff.

66. In violation of 15 U.S.C. §1692e, the defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt.

67. In violation of 15 U.S.C. §1692e(5), the defendants threatened to take action that could not be legally be taken or that is not intended to be taken.

68. In violation of 15 U.S.C. §1692e(10), the defendants used false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning the plaintiff..

69. In violation of 15 U.S.C. §1692g(b), the defendants failed to cease collection of the debt from the plaintiff after notification from her within the 30 day period described in 15 U.S.C. §1692g(a) that she disputed the validity of the debt.

70. As a result of the defendants' violations of the FDCPA, the plaintiff has suffered damages including emotional distress, humiliation, embarrassment, and invasion of privacy.

71. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Michelle Malone, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendant for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendant for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692g.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

### JURY DEMAND

The plaintiff demand a trial by jury on each count so triable.

Respectfully submitted, this 1st day of February, 2006.

MICHELLE MALONE,
by her attorney,

Nicholas F. Ortiz, BBO# 655135
Law Office of Nicholas F. Ortiz, P.C.
52 Western Avenue
Cambridge, MA 02139
(617) 492-2227